UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAWRENCE PARKER and JENNIFER
PARKER,

    Plaintiffs,

v.

                              Case No. 8:07-cv-163-T-33TGW

GREAT LAKES DREDGE & DOCK
CORPORATION,

    Defendant.
_____/

GREAT LAKES DREDGE & DOCK
CORPORATION,

    Third-Party Plaintiff,

v.

RICHARD D. BASS and FRANK
PUISSEGUR,

    Third-Party Defendants.
_____/

## ORDER

This cause comes before the Court pursuant to Third Party Defendants Richard D. Bass and Frank D. Puissegur's ("B&P") Motion to Reconsider, or Alternatively, to Clarify This Court's Order Dated April 1, 2009 (Doc. # 45). Third Party Plaintiff Great Lakes Dredge & Dock Corporation ("GLDD") filed a Response thereto (Doc. # 46). Upon due consideration of the circumstances, and for the reasons originally stated in this Court's Order dated October 7, 2008 (Doc. # 36), Third Party Defendants Richard D. Bass and Frank

D. Puissegur's Motion to Reconsider, or Alternatively, to Clarify This Court's Order Dated April 1, 2009 is granted and this Court's April 1, 2009 Order (Doc. # 44) is vacated.

I. **Background**

This case involves a boating accident in which the boat's passengers, Lawrence and Jennifer Parker, were injured when the boat, owned by Bass and being operated by Puissegur, struck partially submerged dredging pipes owned and controlled by GLDD. The Parkers entered into a settlement with B&P and then sued GLDD. In response to the Parkers' lawsuit against GLDD, GLDD filed a third-party complaint against B&P.

On October 7, 2008, the Court issued its Order granting Third-Party Defendants B&P's motion for summary judgment and directing the Clerk to enter judgment in their favor and against Third-Party Plaintiff GLDD. (Doc. # 36). On October 8, 2008, Plaintiffs Lawrence Parker and Jennifer Parker filed a notice of settlement as to GLDD. (Doc. # 37). On the same day, judgment was entered in favor of B&P. (Doc. # 38). GLDD asserts that, as part of a global settlement agreed to on October 1, 2008, and executed on October 17, 2008, Plaintiffs released both GLDD and B&P from any liability arising from the subject accident, in exchange for settlement funds in the amount of $60,000 paid by GLDD. (Doc. # 40 at 2; # 40-3).

GLDD filed a motion to alter or amend the Court's judgment on October 17, 2008, requesting that the Court reconsider its October

7, 2008 Order in light of the global release executed by Plaintiffs. (Doc. # 40 at 3). In addition, GLDD asked that the Court reconsider its analysis in Part III(B) of the October 7, 2008 Order because it contended that Parts III(A) and III(B) contradict each other. (Id.). The Court, on April 1, 2009, entered an order granting GLDD's motion to alter or amend the Court's judgment and vacating the judgment entered in favor of B&P. B&P now move for the Court to reconsider its April 1, 2009 Order.

**II. Legal Standard**

Courts recognize three basic grounds to justify reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Fla. College of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). Upon due consideration, this Court finds that the need to correct clear error warrants reconsideration of its April 1, 2009 Order.

**III. Analysis**

In Part III(A) of its October 7, 2008 Order, the Court found that the release between Plaintiffs and B&P's insurance carrier, interpreted under state law contract principles, did not act to bar GLDD's claim for contribution against B&P. In Part III(B), however, the Court determined that federal maritime law was the substantive law to be applied in deciding GLDD's right to seek

-3-

contribution from B&P. Applying maritime law principles established in McDermott, Inc. v. AmClyde, 511 U.S. 202 (1994), and Boca Grande Club, Inc. v. Florida Power and Light Company, Inc., 511 U.S. 222 (1994), the Court concluded that Plaintiffs' settlement with B&P precluded GLDD's action for contribution or indemnity against B&P.

In AmClyde, the Supreme Court determined that, once a joint tortfeasor enters into a settlement with a plaintiff, a non-settling joint tortfeasor may not thereafter seek indemnity or contribution from the settling joint tortfeasor. 511 U.S. at 209. The AmClyde Court adopted the "proportionate share approach" to determining the effect of a settlement on a suit for contribution, whereby the non-settling defendants receive a credit for the settling defendants' "proportionate share" of responsibility for the total obligation to the plaintiff. Id. at 209, 212. The Supreme Court reasoned that, "because the nonsettling defendants pay no more than their share of the judgment" under this approach, it would eliminate the need for suits for contribution. Id. at 209.

This Court finds that AmClyde and Boca Grande provide the applicable law for this case and that such is not rendered inapplicable because GLDD has settled with Plaintiffs. While it is possible that GLDD may have paid more through its settlement with Plaintiffs than it would have had a jury determined its

proportionate share of liability, such is the consequence of settling, i.e., a plaintiff risks that he may accept too little and a defendant risks that he may pay too much. Accordingly, the Court reinstates its finding that GLDD's claims for contribution and/or indemnity from P&B are barred.

Accordingly, it is

**ORDERED, ADJUDGED, and DECREED**:

(1) Third Party Defendants Richard D. Bass and Frank D. Puissegur's Motion to Reconsider, or Alternatively, to Clarify This Court's Order Dated April 1, 2009 (Doc. # 45) is **GRANTED**.

(2) This Court's April 1, 2009 Order (Doc. # 44) is **VACATED**.

(3) The Clerk is again directed to enter judgment in favor of Richard D. Bass and Frank Puissegur as to Great Lakes Dredge & Dock Corporation's Third-Party Complaint and close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 21st day of December, 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record